## ROGERS v LILES

Ohio Appeals, 2nd Dist, Franklin Co

No 2659.    Decided Oct 8, 1936

Edward Moriarity, Columbus, and John F. Seidel, Columbus, for plaintiff and appellee.

W. A. Walter, Columbus, and Phil S. Bradford, Columbus, for defendant and appellant.

### OPINION

By BODEY, J.

This action is before this court on appeal upon a question of law from the judgment of the Common Pleas Court of Franklin County, Ohio.

In her amended petition the minor plaintiff alleged that she was a passenger in an automobile operated by another; that said automobile came into collision with an automobile operated by the defendant; that the defendant in the operation of her car at the time of collision was negligent in the following particulars, to-wit:

(1)  In riding and driving said automobile on the wrong side of said highway, to-wit: on the north side thereof · instead of on the right side or south side thereof, in violation of law and of the rules of the road.

(2)  In not keeping a look-out for persons lawfully traveling on said highway.

(3)  In not having her automobile under control.

(4)  By riding and driving said automobile at an unreasonably high, dangerous and reckless rate of speed, to-wit: fifty miles per hour, and at a speed greater than was reasonable or proper, having regard for width, traffic, uses and the general rules of the road, so as to endanger the life and limb of said plaintiff.

(5)  In failing to observe the car in which the plaintiff was a guest in time to avoid the collision, when by the exercise of ordinary care the said car could and should have been observed. Plaintiff then alleges that she was injured by reason of the negligence of the defendant and prays damages against the defendant in the sum of $7570.00.

In her answer defendant admits that there was a collision between the two automobiles, but denies that plaintiff was injured thereby and that said collision was caused by negligence of the defendant. By way of further defense the defendant alleges that the collision was caused by the carelessness and negligence of the driver of the automobile in which plaintiff was a passenger.

The reply to this answer consists of a general denial.

The issues thus made were submitted to a jury which returned a verdict in favor of the plaintiff in the sum of $7500.00. Motion for new trial was filed and overruled and judgment was rendered on the verdict.

Although several assignments of error are set forth in the specifications filed by defendant, defendant in oral argument waived all specifications except No. 3, which is as follows:

"The verdict is not sustained by sufficient evidence, is contrary to the manifest weight thereof, and is contrary to law."

The evidence of plaintiff shows that just prior to the accident the minor plaintiff was riding in a Chevrolet roadster with a rumble seat, she being seated by the side of the driver; that Marie Rogers and one Mike Matthews were riding in the rumble seat; that the Chevrolet was proceeding

westwardly at from twenty to twenty-five miles per hour; that defendant was driving her automobile in an easterly direction on a public highway, accompanied by her young daughter and a young man who were also seated in the rumble seat of defendant's automobile. The testimony of the driver of the car in which plaintiff was riding, of the plaintiff and of Marie Rogers is to the effect that defendant was driving her car at from forty-five to fifty miles an hour and that she was driving the same on the wrong side of the road; that the driver of the car in which plaintiff was riding was at all times upon his own side of the road. The evidence further shows that defendant's car after the impact came to rest at a point perhaps 65 feet from the place of collision with its front end driven into the bank of a ditch, while the evidence would further indicate that the car in which plaintiff was riding did not proceed further than two or three lengths after the collision and that it came to rest in a ditch on the other side of the road and completely turned around from the direction in which it had been proceeding. The testimony of the defendant and her two passengers is to the effect that she was driving at a moderate rate of speed and that she was on her right side of the road. The photographs of the two cars which were introduced in evidence were before the jury and it may be said that they tend to support the claim of the plaintiff and her witnesses. However  that may be, we all recognize that a jury is the sole judge of the facts as the same may be gleaned from the evidence introduced. The jury is likewise the sole judge of the credibility of the witnesses, each of whom it sees and each of whom it may appraise as it sees fit. It was within the province of the jury in the case at bar to believe any one or more of the witnesses to this accident. It chose after its deliberation to believe those witnesses who testified in behalf of the plaintiff. The record supports that finding although the jury might just as well, upon the disputed questions of fact, have resolved those questions in favor of the defendant and against the plaintiff. The case finally resolves itself into one in which two opposite lines of testimony have been introduced and in which the jury has returned its verdict in favor of a plaintiff. Such a verdict may not be set aside and held for naught by a reviewing court because in order to do so that court would be required to invade the well known province of the jury. There is evidence in this record which sustains the verdict of the jury and for that reason the verdict may not be set aside by this court, even granting that the respective members of the court might have reached different conclusions had they seen and heard the witnesses.

The evidence clearly shows that this minor plaintiff was seriously injured by reason of this accident. Her injuries were fully covered in the testimony of Dr. Charles S. Bowen. With that testimony before us we are unable to say or to hold that the verdict in the amount of $7500.00 is too high. It appears from this testimony that the condition of plaintiff will grow worse rather than better. Injuries which bring about such a condition may not be valued in dollars and cents definitely. The jury has seen fit to award the full amount claimed. With its finding we are unable to disagree.

The verdict of the jury, being sustained by sufficient evidence and not being against the manifest weight of the evidence, and not being contrary to law, should stand. The judgment of the trial court is therefore affirmed. Exceptions are saved to the defendant.

BARNES, PJ, and HORNBECK, J, concur.